IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Brian Oliver, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 17 C 8087 |
| MiraMed Revenue Group, LLC, an Illinois limited liability company, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Brian Oliver, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

## PARTIES

3. Plaintiff, Brian Oliver ("Oliver"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect delinquent consumer debts that he allegedly owed to Northwestern Medicine.

4. Defendant, MiraMed Revenue Group, LLC ("MiraMed"), is an Illinois

limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, MiraMed was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant MiraMed is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant conducts business in Illinois.

6. Defendant MiraMed is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Department of Professional Regulation, attached as Exhibit B. In fact, Defendant acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

7. On November 18, 2015, Mr. Oliver filed a Chapter 13 bankruptcy petition in a matter styled In re: Oliver, N.D. Ill. Bankr. No. 15-39342; his bankruptcy was thereafter converted to a Chapter 7 on July 21, 2017. Among the creditors listed on Mr. Oliver's Schedule of Post-Petition Debts that were included in the converted Chapter 7 bankruptcy were debts he allegedly owed to Northwestern Medicine, see, attached Exhibit C.

8. Accordingly, on July 28, 2017, Northwestern Medicine was sent, via U.S. Mail, notice of the bankruptcy by the court, see, the Certificate of Service to the Notice of Chapter 7 Bankruptcy Case – No Proof of Claim Deadline, which is attached as Exhibit D.

9. Plaintiff's bankruptcy is a matter of public record, is on his credit reports, is in the files of the creditor and was readily discoverable by any competent debt collector via one of the many bankruptcy "scrub" services that are readily available to the collection industry.

10. Nonetheless, Defendant MiraMed sent Mr. Oliver a collection letters, dated September 11 and 18, 2017, demanding payment of Northwestern Medicine debts he allegedly owed prior to his converting his bankruptcy to a Chapter 7. Copies of these collection letters are attached as Group Exhibit E.

11. Defendant's violations of the FDCPA were material because Defendant's continued collection communications after he had filed for bankruptcy made Plaintiff believe that his exercise of his rights through filing bankruptcy may have been futile and that he did not have the right to a fresh start that Congress had granted him under the Bankruptcy Code.

12. All of Defendant MiraMed's collection actions at issue in this matter occurred within one year of the date of this Complaint.

13. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA --
### Demanding Payment Of A Debt That Is Not Owed

14. Plaintiff adopts and realleges ¶¶ 1-13.

15. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the

3

collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

16.     Demanding payment of a debt that is no longer owed, due to a bankruptcy, is false and/or deceptive and/or misleading, in violation of § 1692e of the FDCPA, see, Randolph v. IMBS, 368 F3d 726, 728-730 (7th Cir. 2004).

17.     Defendant MiraMed's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

18.     Plaintiff adopts and realleges ¶¶ 1-13.

19.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

20.     Here, the bankruptcy and the notices issued by that court (Exhibit D) provided notice to cease communications and cease collections.  By communicating regarding this debt and demanding payment (Group Exhibit E), Defendant violated § 1692c(c) of the FDCPA.

21.     Defendant MiraMed's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Brian Oliver, prays that this Court:

1. Find that Defendant MiraMed's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Oliver, and against Defendant, for actual and statutory damages;

3. Award Plaintiff his costs and reasonable attorneys' fees; and,

4. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Brian Oliver, demands trial by jury.

        Brian Oliver,

        By:/s/ David J. Philipps
        One of Plaintiff's Attorneys

Dated: November 8, 2017

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com